ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TAMARA CARRA RECURRENTE<br><br>V.<br><br>JUNTA DE DIR. Y/O CONSEJO DE TITULARES DEL COND. THE TERRACE, REP. POR SU PRES. ALFREDO TORRUELLA, GALA PROPERTY MANAGEMENT, LLC RECURRIDA | KLRA202400482 | *REVISIÓN ADMINISTRATIVA* PROCEDENTE DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO)<br><br>Civil Núm.: C-SAN-2024-0017811<br><br>Sobre: CONDOMINIO (LEY NÚM. 104 DE 25 DE JUNIO DE 1958, SEGÚN ENMENDADA) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand[1] y la Juez Barresi Ramos.

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 24 de abril de 2026.

Comparece ante esta Curia, Tamara Carra (señora Carra) mediante el presente recurso de *Revisión Judicial* en donde solicita que revoquemos la *Resolución Sumaria* que el Departamento de Asuntos del Consumidor (DACo) notificó, el 3 de julio de 2024. En su dictamen, el DACo desestimó la *Querella* que la señora Carra instó en contra de la Junta de Directores y del Consejo de Titulares del Condominio The Terrace, entre otros querellados (Recurridos).

Por las razones que expresamos a continuación, revocamos el pronunciamiento impugnado y devolvemos el asunto ante la agencia para la continuación de los procesos, conforme a lo aquí dispuesto. Veamos.

---

[1] El recurso de epígrafe fue asignado el 10 de abril de 2026 a la Jueza Rivera Marchand como jueza ponente.

**I.**

El 7 de diciembre de 2023, la señora Carra presentó ante el DACo la querella objeto de este recurso, a través de la cual, solicitó a la agencia anular los acuerdos adoptados en la Asamblea Extraordinaria, celebrada el 9 de noviembre de 2023. Ello porque, a su entender, quebrantaron las disposiciones de la Ley Núm. 129-2020, Ley de Condominios de Puerto Rico, 31 LPRA 1921, *et seq.* Junto a su *Querella,* la señora Carra anejó la *Certificación de Deuda,* expedida por el Administrador del Condominio The Terrace, y la convocatoria a la mencionada Asamblea Extraordinaria.

En igual fecha, el DACo acreditó "[h]emos recibido la información de la reclamación número 0000038300 y pronto estaremos revisando la misma. [...]" Posteriormente, el 20 de diciembre de 2023, la agencia notificó a la señora Carra lo siguiente: "[l]a reclamación número 0000038300 ha sido evaluada y notamos que está incompleta. Para poder continuar con el proceso, usted debe: Debe [sic] incluir escrituras. De no tomar acción en los próximos 15 días, su reclamación será cerrada."

En cumplimiento con lo requerido, ese mismo día, la señora Carra presentó una copia de la Escritura Núm. 336 de Compraventa, otorgada el 1 de julio de 2006, a modo de acreditar su titularidad sobre el Apartamento 8-E del Condominio The Terrace.

Conforme a los trámites de rigor, el 1 de febrero de 2024, el DACo notificó a los Recurridos sobre la *Querella* instada en su contra. En reacción, el 7 de marzo de 2024, los Recurridos contestaron la reclamación instada en su contra. Arguyeron que, las enmiendas al Reglamento del Condominio The Terrace fueron aprobadas por una mayoría de los titulares, sin haber recibido oposición alguna, dentro del término de treinta (30) días de haber

circulado la minuta correspondiente. Sustentado en lo anterior, solicitaron como remedio la desestimación de la *Querella.*

Surge del expediente que, la agencia celebró la vista administrativa, el 28 de mayo de 2024. Se colige de la *Minuta* correspondiente que, ambas partes estipularon que la señora Carra no estuvo presente durante la Asamblea Extraordinaria celebrada, el 9 de noviembre de 2023. Se desprende, además, que durante la vista los Recurridos expusieron que la señora Carra estuvo debidamente representada en dicha asamblea, y que la *Querella* fue instada tardíamente, el 1 de febrero de 2024.

Posteriormente, el 17 de junio de 2024, los Recurridos promovieron un petitorio de desestimación. Sustentaron su solicitud en la presunta falta de jurisdicción del DACo. Argumentaron que, la señora Carra instó la *Querella* vencido el término de treinta (30) días que dispone el Artículo 65 de la Ley de Condominios de Puerto Rico, 31 LPRA sec. 1923j. Añadieron que, según el portal del DACo, la *Querella* fue presentada el 20 de diciembre de 2023. Detallaron que, como la señora Carra participó -mediante representación- de la votación efectuada durante la Asamblea Extraordinaria del 9 de noviembre de 2023, debió impugnar las enmiendas allí aprobadas dentro de los treinta (30) días siguientes a la fecha en que se tomaron dichos acuerdos. Sobre tales bases expusieron que su reclamación está prescrita.

En respuesta a una *Orden para Mostrar Causa* del DACo, cursada el 17 de junio de 2024, la señora Carra se expresó en torno a la moción de desestimación de los Recurridos. En síntesis, expuso que, del propio registro de la agencia surge que presentó su *Querella* el 7 de diciembre de 2023, entiéndase, dentro del término prescriptivo aplicable, vencedero el 11 de diciembre de 2023. Además, invocó la necesidad de dar por ciertas las alegaciones de la

*Querella,* al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Evaluado el asunto, el DACo emitió el dictamen impugnado en el cual declaró no ha lugar a la *Querella* de epígrafe y ordenó su cierre y archivo. Hizo constar en su pronunciamiento que:

> [d]e una evaluación de la totalidad del expediente administrativo de la presente querella surge que esta fue inicialmente presentada el 7 de diciembre de 2023, mediante la plataforma digital SIAC de este Departamento (Sistema Integrado de Asuntos del Consumidor), a los fines de impugnar la Asamblea Extraordinaria del Consejo de Titulares del Condominio The Terrace, celebrada el 9 de noviembre de 2023. Con la mencionada querella, la parte querellante solo entregó una (1) certificación de deuda expedida por el Administrador del Condominio y una (1) copia de la convocatoria para la Asamblea Extraordinaria del 9 de noviembre de 2023. Sin embargo, no incluyó copia de la escritura pública o de documento fehaciente alguno que acreditara su titularidad sobre el Apartamento 8-E en el Condominio The Terrace, por lo que[,] en ese entonces, no había cumplido con los requisitos que dispone el Reglamento de Condominios para presentar querellas ante este Departamento. No fue, sino hasta el 20 de diciembre de 2023, que la parte querellante cumplió con el requisito de acreditar su titularidad sobre un bien inmueble en el Condominio The Terrace. Es a partir de esta fecha, 20 de diciembre de 2023, en [sic] que la querella de epígrafe quedó debidamente presentada ante este Departamento, en cumplimiento con la Regla 25 (Requisitos para Presentar la Querella) del Reglamento de Condominios. (Énfasis suprimido.)

Luego de solicitar sin éxito la reconsideración del referido dictamen, la señora Carra acude ante nosotros en revisión judicial. Imputa al DACo lo siguiente:

> Erró [el] DACo al desestimar la querella de autos por alegada prescripción de la causa conforme la Ley de Condominios de Puerto Rico y el Reglamento de Condominios, aun cuando dicha recurrente presentó su querella acompañada de la certificación negativa de deuda. Lo anterior, no se basó en fuente de derecho alguna que justifique tal determinación fatal, privando a la recurrente de autos de que su querella fuera atendida en los méritos y finalmente de su derecho propietario sobre el uso pleno de su apartamento dedicado al arrendamiento a corto plazo. La recurrente ha visto eliminado el estado de derecho que le llevó a adquirir su apartamento y dedicarlo a dicho uso de renta a corto plazo. Nótese que, cuando la recurrente adquirió su apartamento, no existía prohibición o limitación al término de arrendamiento de este. Además, la recurrida admitió en su Contestación a la Querella que, el 21 de noviembre de 2023, fue la fecha en que circuló la minuta sin que se recibieran votos en oposición, es decir, el término para la presentación de la querella se extendía, conforme dispone la Regla 24 del Reglamento de Condominios, número 9386 del 6 de junio de 2022, hasta el 20 de enero de 2024.

Poco después, la señora Carra insta una *Solicitud de Urgente Orden en Auxilio de Jurisdicción,* la cual denegamos mediante una *Resolución,* notificada el 4 de septiembre de 2024, y solicitamos a los Recurridos expresarse en torno al recurso incoado. En cumplimiento, comparecieron mediante su correspondiente alegato en oposición. Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A. La Revisión Judicial**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas finales pueden ser revisadas por el Tribunal de Apelaciones, una vez la parte adversamente afectada haya agotado todos los remedios disponibles. *Tricoche Matos y otra v. Luis Freire Div. of K.M.A. Associates of PR, Inc.*, 2025 TSPR 92, resuelto el 1 de octubre de 2025. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos, en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos, a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, resuelto el 21 de mayo de 2025.[2] Por último, permite a los foros judiciales velar porque los entes administrativos den cumplimiento

---

[2] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Por tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que, procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Freyre Martínez v. Consejo de Titulares y/o Junta de Directores del Condominio Sol y Playa,* 2026 TSPR 20, resuelto el 5 de marzo de 2026.

### B. La Ley de Condominios de Puerto Rico y el Reglamento Núm. 9386

La Ley de Condominios, *supra,* es una de las fuentes rectoras del régimen de propiedad horizontal. *Freyre Martínez v. Consejo de Titulares y/o Junta de Directores del Condominio Sol y Playa,* supra. El propósito detrás de la aprobación de esta ley fue reglamentar y facilitar la vida en convivencia, además de, propiciar la

disponibilidad de viviendas en un área limitada de terreno. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.

El Artículo 65 de la Ley de Condominios, *supra,* confiere jurisdicción primaria exclusiva al DACo para atender reclamaciones que insten titulares en condominios residenciales en contra de la Junta de Directores, del Consejo de Titulares o del Agente Administrador:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.
> Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.
> En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley. [...] (Énfasis nuestro.) Véase, además, *Freyre Martínez v. Consejo de Titulares y/o Junta de Directores del Condominio Sol y Playa,* supra.

Con respecto a los requisitos para instar una querella ante el DACo, la Regla 25 del Reglamento Núm. 9386, Reglamento de Condominios, dispone que el titular que interese impugnar un acto,

omisión o decisión de la Junta de Directores y/o del Consejo de Titulares, entre otros, deberá proveer la escritura pública que acredita su titularidad o copia de un documento fehaciente que así la demuestre. En particular, la Regla 25 establece:

I. Las querellas que se presenten ante este Departamento deberán cumplir con los criterios del Reglamento de Procedimientos Adjudicativos vigente.

II. El titular o grupo de titulares que interese impugnar cualquier determinación, acción u omisión por parte de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico o un acuerdo del Consejo de Titulares como parte de su querella deberá incluir la siguiente información:

(1) Nombre, dirección física y postal, correo electrónico y números de teléfono del titular o titulares reclamantes.

(2) Nombre, dirección física y postal, correo electrónico y números de teléfono del querellado.

(3) Una relación clara, breve y concisa de todos los hechos y las alegaciones que dan base a la querella.

(4) Si el condominio cuenta con un Director o una Junta de Directores, el nombre de dicho Director o del presidente de la Junta de Directores.

(5) Si la querella se presenta en contra del Director o de algún miembro de la Junta de Directores, expresara el nombre, dirección física y postal, números de teléfonos y su designación en la querella será como co-querellado, siendo el Consejo de Titulares el otro co-querellado.

(6) Certificación de que no tiene ningún tipo de deuda con el Consejo de Titulares. Sera excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la alegada deuda.

(7) Escritura pública o copia del documento fehaciente que acredite su titularidad.

(8) Cuando en la querella se impugne la inacción del Director o de la Junta de Directores de proteger la fachada del condominio, el titular o grupo de titulares deberá proveer el nombre y dirección física y postal de los titulares afectados que han alterado los rasgos estéticos y arquitectónicos del inmueble, según consta en el Registro de Titulares.

(9) Copia de la correspondencia cursada entre las partes sobre la controversia reclamada, si alguna.

(10) Si el titular es un ente jurídico, deberá incluir resolución corporativa autorizando y designando a un representante

**III.**

En su recurso, la señora Carra cuestiona la determinación del DACo de desestimar su *Querella* por falta de jurisdicción por prescripción, a pesar de que, a su entender, el expediente

administrativo no apoya tal proceder. Reitera haber presentado su reclamación, el 7 de diciembre de 2023, junto a una *Certificación de Deuda* que, a su entender, era suficiente para acreditar su titularidad.[3] Discute que, no surge de la Regla 25 del Reglamento Núm. 9386 que, hasta tanto no sean sometidos los documentos complementarios, no se considerará presentada la querella. Añade que la agencia la privó de que su reclamo fuese atendido en los méritos.

Por su parte, los Recurridos exponen que, la notificación de los documentos -a través de la plataforma digital del DACo- no constituye la radicación de la querella. Señalan que, una vez la señora Carra demuestra su titularidad, mediante una copia de la escritura pública, es que se conforman los requisitos para que el DACo pueda revisar su reclamación y asignar un número de querella. En virtud de lo anterior, argumentan que, la *Querella* se entiende presentada el 1 de febrero de 2024, vencido el término prescriptivo aplicable.

Al ejercer nuestra función revisora observamos que, en la determinación de hecho número 6 de la *Resolución Sumaria* recurrida, el DACo precisó que la señora Carra instó la presente *Querella,* el 7 de diciembre de 2023, a través de la plataforma digital SIAC, acompañada de una *Certificación de Deuda* y de la convocatoria a la Asamblea Extraordinaria. Además, se colige del expediente que, evaluada dicha reclamación, el 20 de diciembre de 2023, el DACo notificó a la señora Carra que le concedía quince (15) días para presentar las escrituras que acreditan su titularidad, so

---

[3] La referida Certificación de Deuda emitida por el Administrador de la co querellada Gala Property Management LLC lee: "[c]ertificamos que la residencia del apartamento 8-E del Condominio The Terrace en la 2306 Calle Laurel San Juan Puerto Rico, hoy 30 de noviembre de 2023, es propiedad del [sic] Sr. [sic] Tamara Carra. Al mes de noviembre no adeuda cuota de mantenimiento, derrama, seguro[.]" Apéndice, pág. 92.

pena del cierre de su reclamo.[4] De igual manera constatamos que, ese mismo día, la señora Carra presentó ante la agencia una copia de la Escritura Núm. 336 de Compraventa en cumplimiento con lo requerido.

De forma inconsistente y luego de haber dado por presentada la *Querella,* el 7 de diciembre de 2023, la agencia concluyó que procedía desestimarla por haber sido instada fuera del término de treinta (30) días, vencedero el 11 de diciembre de 2023. Lo antes, a pesar de que la señora Carra presentó una copia de la escritura pública que acredita su titularidad, dentro del plazo de quince (15) días que le proveyó el DACo. Cabe puntualizar que, la Regla 25 del Reglamento Núm. 9386 no advierte que la omisión de proveer una copia de la escritura pública o del documento fehaciente que acredite titularidad conllevará la desestimación de la causa. En ausencia de una disposición específica a tales efectos, el DACo está impedido de actuar contrario a las reglas que promulga. *Benítez Nieves v. ELA et al.,* 202 DPR 818, 828 (2019).

A lo anterior se añade que, la propia agencia reconoció en su *Resolución Sumaria* que los requisitos que establece el Artículo 65 de la Ley de Condominios de Puerto Rico y la Regla 25 del Reglamento Núm. 9386 son de cumplimiento estricto. Como se sabe, la inobservancia de un requisito de cumplimiento estricto no supone la desestimación automática del petitorio. *Montañez Leduc v. Robinson Santana,* 198 DPR 543 (2017). Más bien, la desestimación procede cuando la parte no haya demostrado una justa causa para su incumplimiento. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 93 (2013). Surge del expediente que, la señora Carra entendió que la *Certificación de Deuda* era suficiente para acreditar su titularidad y

---

[4] A los fines de que el DACo pueda ejecutar su función investigativa, mientras procura el fiel cumplimiento de los estatutos que administra, el Artículo 6(h) de la Ley Núm. 5 de 23 de abril de 1973, Ley Orgánica del Departamento de Asuntos del Consumidor, 3 LPRA sec. 341e(h), lo faculta a ordenar la producción de documentos y/o información.

que, en respuesta al requerimiento del DACo, suplió una copia de la escritura pública el mismo día.

Conforme a la normativa de la Ley de Condominios de Puerto Rico y del Reglamento Núm. 9386, incidió el DACo al desestimar la presente causa. El error señalado se cometió.

**IV.**

Por los fundamentos esbozados, revocamos la *Resolución Sumaria* impugnada y devolvemos el asunto al DACo para que atienda los méritos de la *Querella* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones. La Jueza Cintrón Cintrón está conforme con el resultado. Sin embargo, desea hacer constar las siguientes expresiones: "El caso de referencia fue instado ante este Foro el 30 de agosto de 2024. Discurrió un lapso de tiempo de un (1) año y meses (7) meses antes de ser reasignado a otra jueza ponente el 10 de abril de 2026. Respetuosamente entiendo que, previo a su reasignación, el recurso ameritaba una pronta solución. Máxime, cuando no reviste complejidad jurídica alguna. Ello, con el propósito de mover ágilmente la maquinaria judicial, de la cual, propiamente, los puertorriqueños exigen "agilidad, laboriosidad y eficiencia"". Véase, Opinión disidente y concurrente del Juez Presidente, señor Hernández Denton, en *In re Pagani Padró,* 181 DPR 517, 536 (2011).

La Juez Barresi Ramos disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones